RENDERED:  AUGUST 7, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2025-CA-0409-MR

CRYSTAL BLAIR-LEWIS                                              APPELLANT

v.
APPEAL FROM FLOYD CIRCUIT COURT
HONORABLE JOHNNY RAY HARRIS, JUDGE
ACTION NO. 23-CI-00086

ARH ADVANCED CARE, INC.;
APPALACHIAN REGIONAL
HEALTHCARE, INC.; HAZARD ARH
REGIONAL MEDICAL CENTER;
AND RUSSELL DEAN BARKER                                         APPELLEES

MEMORANDUM OPINION AFFIRMING

** ** ** ** **

BEFORE:  KAREM, McNEILL, AND TAYLOR, JUDGES.

Crystal Blair-Lewis appeals from a March 28, 2025, Opinion and Order entered by the Floyd Circuit Court which granted summary judgment to appellees, dismissing Blair-Lewis's claims for sexual harassment, discrimination, and retaliation regarding the termination of her employment.  For the reasons stated, we affirm.

## Background

Blair-Lewis was hired by ARH Advanced Care, Inc. (Advanced) in August of 2022 as Chief Nursing Officer for a long-term care facility located within the Hazard ARH Regional Medical Center. Nurses and respiratory therapists reported to Blair-Lewis. During the term of Blair-Lewis's employment, Advanced had not begun receiving patients at the facility. Blair-Lewis's position was "at will," as stated in her employment offer. Her supervisor was Russell Barker, President and Chief Executive Officer of Advanced. Advanced contracted with Appalachian Regional Healthcare, Inc. (ARH), to provide ancillary services for Advanced including, but not limited to, human resources and legal services. Advanced has a sexual harassment policy that Blair-Lewis acknowledged receiving and reading. The policy requires employees to report sexual harassment as soon as possible after any incident and also provided that employees who reported would be protected against retaliation.

From August of 2022 through February 1, 2023, Blair-Lewis and Barker engaged in extensive text messaging, both during and outside of work hours. In January of 2023, Barker informed Blair-Lewis that rumors were circulating among other employees that they were engaged in an inappropriate (*i.e.,* possibly sexual) relationship, and that he had reported the rumor to the Board of Directors and ARH.

An investigation was launched by ARH. Blair-Lewis was interviewed along with other employees. She denied a relationship with Barker and stated the rumor was unfounded. At no point did Blair-Lewis state that Barker's text messages made her uncomfortable or that she otherwise perceived them as harassing. In fact, she did not bring the text messages up during the investigation or provide them to the investigators. While the investigation did not uncover an inappropriate relationship between Blair-Lewis and Barker, subordinates of Blair-Lewis raised numerous concerns regarding her behavior at work, including, but not limited to, inappropriate dress; frequent and long smoke breaks; and inappropriate and unprofessional conversations with other employees.

On February 1, 2023, Blair-Lewis was terminated from her employment with Advanced. She filed the underlying complaint for sexual harassment, discrimination, and retaliation a little over two weeks later. Discovery ensued, including the depositions of Blair-Lewis and Barker. On January 7, 2025, the defendants filed a motion for summary judgment. The circuit court heard oral arguments on February 7, 2025, and entered an order granting summary judgment in favor of the defendants on March 28, 2025. This appeal followed.

## Standard of Review

The Kentucky Supreme Court has stated our standard of review for summary judgment on appeal as follows:

> Summary judgment should only be granted when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr[.], Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions." *Hammons v. Hammons,* 327 S.W.3d 444, 448 (Ky. 2010). Our review therefore is *de novo. Id.*

*Ashland Hosp. Corp. v. Darwin Select Ins. Co.*, 664 S.W.3d 509, 515-16 (Ky. 2022). And, upon review of questions of law, our review is also *de novo.* *Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010), *as modified on denial of reh'g* (Nov. 23, 2011). Our review proceeds accordingly.

## Analysis

This case looks to the alleged wrongful termination of Blair-Lewis's employment with Advanced. She claims that her termination violated various provisions of the Kentucky Civil Rights Act (KCRA). Additionally, she asserted that her discharge was wrongful under applicable common law in Kentucky. She

also asserted below claims for intentional infliction of emotional distress and the negligent training and supervision of Barker, Blair-Lewis's supervisor.

On appeal, Blair-Lewis limited her arguments to the claims of sexual harassment, discrimination, and retaliation under the KCRA. We, thus, have limited our review to those claims.

To begin, the parties conducted extensive discovery, including document production, interrogatories, and the depositions of both Blair-Lewis and Barker. Following this discovery, appellees filed a motion for summary judgment on January 7, 2025. After conducting a hearing on the motion, the circuit court rendered its Opinion and Order on March 28, 2025. In granting summary judgment for appellees, the circuit court addressed the KCRA claims and issues related thereto. More importantly, the circuit court thoroughly analyzed and made an exhaustive review of the applicable law as it pertained to each claim under the KCRA. Based on our review of the record below, we find no error in the court's conclusion that summary judgment was proper as a matter of law. Accordingly, we adopt and incorporate herein by reference the circuit court's thorough analysis and disposition of Blair-Lewis's KCRA claims. Record at 867-879.

In conjunction with adopting the sound legal reasoning of the circuit court below, we emphasize the following. Blair-Lewis's primary KCRA arguments on appeal are that summary judgment was improper because: 1) a jury

could find that Barker's persistent communication and workplace conduct created an unwelcome and hostile work environment (harassment claim); 2) evidence of record allegedly shows similarly situated male employees received more favorable treatment than Blair-Lewis (sexual discrimination claim); 3) the close temporal proximity between Blair-Lewis's protected activity and her termination establishes a triable causal connection in relation to her retaliation claim; and 4) Barker instructed Blair-Lewis not to report his misconduct and to delete written evidence (retaliation claim).

With regard to the harassment claim, we note that throughout the investigation, Blair-Lewis denied any inappropriate relationship with Barker and did not disclose to human resources any behavior by Barker that she perceived as inappropriate. Further, the text messages contained in the record reveal that Blair-Lewis fully participated in the flirtatious nature of the text messages, and also repeatedly praised Barker as a supervisor and mentor. For example, on November 16, 2022, she texted "Thank you for your mentorship and confidence. Together we will conquer. You are the best. I am a lucky individual to learn under you." Record at 674. On December 2, 2022, she texted, in relevant part, "You're the best boss I have honestly ever had." Record at 676. Later in December, she texted, "Good night my best boy friend [sic]. I would say bbf but Carla might get up-set [sic] lol[.]" Record at 682. Finally, also in December of 2022, Blair-Lewis texted,

"I am always interested in your thoughts. You matter to me and our team. You need to clear your mind. If you ever need to vent and get it off your mind I'm here for you. Whatever it is, it is affecting your life especially if you're not sleeping well." Record at 690. After Barker informed Blair-Lewis he had reported the rumor, she texted, "Nothing has ever been considered but friendship and a professional interaction." Record at 693. She admitted at her deposition that she and Barker had at most, an "inappropriate friendship." Record at 462. Regardless of any argument of how these texts could be interpreted, Blair-Lewis failed to bring the texts to the attention of the investigators or to human resources prior to or during the investigation. In her sworn testimony at her deposition, she testified that she never filed a complaint or reported to human resources during her employment that she was being harassed. Record at 472. Based on the facts presented in this case, the texts did not rise to the level of sexual harassment.

In regard to her sexual discrimination claim, we also agree with the appellees and the circuit court that Blair-Lewis failed to show that any male employees of Advanced, who were similarly situated to her, received more favorable treatment. This included Barker, who was her supervisor. An important factor is that Blair-Lewis was an at-will employee, which she does not dispute. At-will employment in general allows employees to be terminated for any reason not prohibited by law: "[A]n employer may discharge an at-will employee for good

-7-

cause, for no cause, or for a cause that some might view as morally indefensible." *Wymer v. JH Properties, Inc.*, 50 S.W.3d 195, 198 (Ky. 2001). Blair-Lewis did not establish that Barker was an at-will employee. Blair-Lewis also cannot show she was replaced by a male employee. She also failed to fully develop her argument as to how she was similarly situated to Barker, other than he was not terminated by Advanced. Based on the record before this Court, she failed to identify any employee similarly situated to her, to sustain a claim for disparate treatment or discrimination.

With regard to her retaliation claim, we totally agree with the circuit court that Blair-Lewis failed to demonstrate that she engaged in a protected activity. She claims the protected activity occurred when she asked Barker to stop making comments and sending texts, but fails to cite any texts or evidence in the record establishing that she asked Barker to cease his text contacts. In fact, the record shows the opposite, that she facilitated the texting with Barker. Yet, her termination was not based on the texts but rather other conduct discovered by human resources during the investigation which she failed to refute.

We agree with the circuit court that Advanced listed specific causes for Blair-Lewis's termination that have nothing to do with her relationship with Barker. Further, the record reflects that Barker told Blair she did not have to report *the rumor* to human resources because he had already done so. There is nothing in

the record to establish that Barker discouraged her from reporting harassment or that Blair-Lewis ever attempted to report harassment. Certainly, there is no evidence of retaliation by the employer for any actions she took regarding her employment. As noted, as an at-will employee, she could be terminated for no cause. The record does not reflect that Barker or Advanced violated any laws regarding Blair-Lewis's termination of employment.

### Conclusion

Based upon our review of the record below, Blair-Lewis was properly terminated as an at-will employee. The circuit court thoroughly reviewed each of her allegations and claims under the KCRA and correctly concluded that the claims were without merit. Summary judgment was properly granted. Accordingly, the Opinion and Order of the Floyd Circuit Court granting summary judgment is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Nathan D. Brown
Williamson, West Virginia

BRIEF FOR APPELLEES:

Laura L. Mays
Lexington, Kentucky